# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:11-CR-0110-RLH-VCF |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DE RONG SHANG, ) | |
| ) | |
| Defendant. ) | |

Before the Court is an Order (#111) entered by the Honorable Cam Ferenbach regarding Defendant's Motions to Strike Surplusage (#83), for a Bill of Particulars (#84), and to Compel Discovery (#85).

The United States filed Objections (characterized as appeals) to Judge Ferenbach's Order (## 144, 145, and 147) in accordance with Local Rule IB 3-1 of the Rules of Practice of the United States District Court for the District of Nevada. Defendant filed Responses (## 151, 152, and 153) to the Objections/Appeals, and this matter was referred for consideration.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. §636(b)(1)(A), (B), and (C) and Local Rule IB 3-1 and determines that the Order of Magistrate Judge is, in several respects, erroneous or contrary to law and to the law of the case, and should be reversed in several particulars, as follows:

/ / /

/ / /

## I. Deposing Out-Of-State Witness

Permitting the deposition of a witness is only permitted under the law in very unusual or exceptional circumstances. Federal Rules of Criminal Procedure 15 and Fed. R. Crim.P. 15, Advisory Committee Note 2. Losing income during the time a witness testifies, nor the resultant possibility of making it more difficult to pay his house payment, is sufficient to warrant the ordering or permitting of this unusual procedure. Most witnesses face the loss of income and its attendant effects when they have to attend trial to testify, whether they are from within the state or without. Furthermore, there would, of necessity, require time lost from work in order to attend a deposition. The witness is within the subpoena power of this Court, and Magistrate Judge Ferenbach ordered a subpoena be issued in the event his decision was overturned. This Court finds it sufficient. Thus, there is insufficient evidence that the witness is unavailable, as required by Fed. R. Evid. 804(b).

IT IS THEREFORE ORDERED that the Magistrate Judge's Order (#111) is reversed in this regard.

## II. Motion for Discovery

First, a Motion for Discovery, at this stage in the proceedings, is untimely. In truth, this is a motion for disclosure for trial. Pretrial motions were due thirty (30) days from the entry of the Order Regarding Pretrial Procedure.

The Government has agreed to, and the Court assumes it has or will, comply with its orders regarding expected testimony of expert witnesses and expert witness reports. It is also obligated, under the Joint Discovery Agreement, Fed. R. Crim. P. 16, and this Court's Pretrial Order, to have already disclosed any reports relating to interviews of prospective witnesses. The Court assumes that has been done.

The issue here is whether the Government is obligated to provide, prior to noon on the day of calendar call, the list of witnesses it intends to call at trial. While it is within the discretion of the District Court to order disclosure earlier, where the District Court has not authorized it, and the District Court has established the law of the trial with respect to the disclosure of the trial witness list,

it is erroneous and contrary to that law for the Magistrate Judge to order disclosure sooner.  The Defendant is not entitled to the witness list prior to trial when the Defendant is aware of the existence and possibility of testimony.  *United States v. Sukumolachan*, 601 F.2d 685 (9th Cir. 1980).  With no showing of an unusual need for earlier disclosure of the witness list, it was erroneous for the Magistrate Judge to order it on the grounds he states.

IT IS THEREFORE ORDERED that Magistrate Judge Ferenbach's Order (#111)  as to the disclosure of the Government's list of witnesses for trial, prior to noon on the day of calendar call, is reversed.

IT IS FURTHER ORDERED that Magistrate Judge Ferenbach's Order (#111) is otherwise AFFIRMED in all other respects, the United States's Objections/Appeals (## 144, 145, and 147) are sustained or overruled as heretofore ordered..

Dated:   March 2, 2012.

_____
ROGER L. HUNT
U.S. District Judge